**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| TROY GRIMES, individually and as the Special Administrator to the ESTATE OF TINA GRIMES, Deceased, AMY BEAN, JOSH BEAN, PAULA DUNCAN, individually and as the Special Administrator to the ESTATE OF BILLIE SMALLWOOD, Deceased, GAYLA LOZA, and MICHAEL HOWE, <br><br>            Plaintiffs, <br><br>vs. <br><br>COMBINED TRANSPORT, INC., DONALD J. MURPHY, and DOES 1 through 50, inclusive <br><br>            Defendants. <br>_____ <br>DONALD J. MURPHY AND COMBINED TRANSPORT, INC., <br><br>            Counterclaimants, <br><br>vs. <br><br>TROY GRIMES, individually and as the Special Administrator to the ESTATE OF TINA GRIMES, Deceased, AMY BEAN and JOSH BEAN and DOES I-X, <br><br>            Counterdefendants. <br>_____ | 3:05-CV-0461-ECR-RAM <br><br><br>**ORDER** |

This is a diversity action[1] involving an accident that occurred on Interstate Highway 80 in Elko County on or about May 21, 2004. The accident involved a commercial truck and a passenger vehicle. Both occupants of the passenger vehicle were killed. Defendant Donald Murphy, the truck driver, filed a motion in limine (#48) on June 21, 2006 and Defendant Combined Transport, the truck company, filed a motion in limine (#52) on June 30, 2006. Plaintiffs filed a single opposition (#57) to both motions on July 21, 2006. Defendant Murphy filed his reply memorandum (#62) on July 21, 2006 and Defendant Combined Transport has filed no reply.

As a preliminary matter, Plaintiffs argue that Defendants' motions are premature. The local rules require that motions in limine be filed more than 30 days before trial unless otherwise ordered by the court (see Local Rule 16-3),[2] but as a practical matter, we agree that the motions are premature. As explained below, with one exception we deny the motions without prejudice.

Defendant Combined Transport seeks exclusion of "character evidence" related to the company's alleged non-compliance with federal regulations and its alleged negligent hiring, supervision, and retention of Defendant Murphy as a truck driver. Combined Transport argues that the evidence is both irrelevant and unfairly prejudicial. However, Plaintiffs' have made claims that directly

---

[1] The Complaint filed in this case contains no statement of the basis of this court's jurisdiction, as is required by Federal Rule of Civil Procedure 8(a). Nevertheless, diversity jurisdiction appears to exist in this case.

[2] This case was re-assigned (#80) from Judge Sandoval to Judge Reed on December 4, 2006. No scheduling order has been entered altering the date set by the local rule.

2

rely on this evidence.  Insofar as these claims are viable, the argument that this evidence is not relevant is without merit. Defendant Combined Transport's motion (#52) is **DENIED** without prejudice.  If Combined Transport wishes to do so, it may renew its motion once the dispositive motions filed in this case have been addressed by the Court.  We emphasize that we are expressing no opinion at this time regarding the viability of any of Plaintiffs' twenty-three causes of action at this time.

Defendant Murphy's motion (#48) in limine seeks the exclusion at trial of evidence of Murphy's prior citations, his prior accident, his prior log book violations, his felony conviction for sexual assault, as well as photos of the decedents that were taken after the accident.  Defendant Murphy also seeks to exclude what Murphy characterizes as improperly disclosed expert opinions.  The issue of discovery and expert opinions was addressed by the Magistrate Judge's decision on the record (#64) on July 26, 2006. Finally, Defendant Murphy also seeks to prevent any mention of insurance and any "golden rule" argumentation to the jury by Plaintiffs' counsel; Plaintiffs state they have no intention to mention insurance or make the so-called "golden rule" argument.

Thus, the items of evidence at issue are prior citations, a prior accident, prior log book violations, the felony conviction, and pictures of the decedents bodies taken after the accident.

### **Accident Photos**

Defendant Murphy argues that accident photos of the decedents are irrelevant and unfairly prejudicial.  Plaintiffs argue that the

3

photographs of the decedents are relevant as to the nature of the crash, damages as well as the disputed speed of the vehicles.  "A photograph that presents gruesome details, such as crime scene or autopsy photos, or photos of persons with personal injuries, may be objected to as unfairly prejudicial but typically are admitted." 2 McCormick on Evidence § 215 (6th ed.) (citing Batchelor v. Cupp, 693 F.2d 859, 865 (9th Cir. 1982) (affirming admission of photographs); and United States v. Yahweh, 792 F.Supp. 104 (S.D.Fla. 1992) (holding that neither gruesome photographs nor 30 by 40 inch enlargements were unfairly prejudicial)). See also Walker v. Norris, 917 F.2d 1449, 1453 n.9 (6th Cir. 1990) (summarily affirming district court's admission of post-accident photographs).

Defendant Murphy's motion will be denied as to the accident photographs for the reasons cited by Plaintiffs.  Defendant Murphy may renew his motion prior to trial with respect to size, quantity, relevance, or on other grounds not addressed here.  At such a time, the photos shall be provided to the Court for review.

**Prior Citations and Prior Accident**

The evidence of prior citations and of a prior accident is relevant to Plaintiffs' claim that Murphy was negligent in violating federal regulations by not revealing his prior driving record to Combined Transport.  We will deny Murphy's motion with regard to this evidence without prejudice.  The motion may be renewed, if Murphy wishes to do so, after the Court has addressed the dispositive motions filed in this case.

4

**Prior Log Book Violations**

Based on the complaint and the current limited record, we can discern no way in which prior log book violations would be directly relevant to any claim in Plaintiffs' complaint against Murphy. Plaintiffs argue, however, that the log book violations could be used to impeach Murphy. The record is currently insufficient to evaluate whether or how this might be the case. In any event, the evidence of prior citations, a prior accident, and prior log book violations are all relevant, as explained above, to claims that are made against Combined Transport. These claims include, but are not limited to Plaintiffs' claim that Combined Transport was negligent in its retention of Murphy as an employee, and Plaintiffs' claim that Combined Transport maintained inadequate safety fitness standards. Federal Rule of Evidence 105 provides:

> [w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

While limiting instructions will not always be sufficient, it is not at all clear that a limiting instruction would be insufficient with respect to the evidence of prior log book violations. Additionally, insofar as Murphy generally disputes that the prior log book violations can be considered a cause of the accident, it appears to be appropriate to deal with this issue after the dispositive motions in this case have been addressed. We therefore deny Murphy's motion without prejudice as to the prior log book violations.

5

### **Murphy's Felony Conviction**

Finally, we turn to Murphy's prior sexual assault conviction. Evidence submitted by the Plaintiffs indicates that Defendant Murphy was sentenced by an Illinois state court to probation, community service and mandatory psychiatric treatment for sexually assaulting his child in 1988.  The evidence also indicates that, in 1990, he was sentenced to four years in prison for violating his probation by committing "similar criminal acts."  (Judgment Order of McHenry County Court in Illinois, April 4, 1990, attached as Ex. B to P.s' Opp. (#58), at 7).  Both convictions are over ten years old.  See Fed. R. Evid. 609(b).

Plaintiffs argue that the conviction is relevant to this case because Defendant Murphy certified that he had never been convicted of a felony in his job application.  They claim that the misrepresentation is directly relevant to three of their causes of action: (1) their second cause of action against Combined Transport for negligent hiring, training, supervision, and retention; (2) their twelfth cause of action, which alleges that both Murphy and Combined Transport were negligent in violating federal regulations related to job applications (49 C.F.R. § 391.21); and (3) their thirteenth cause of action against Combined Transport, which alleges that the company was negligent in violating federal regulations requiring the company to investigate the background of its drivers (49 C.F.R. § 391.23).  Plaintiffs also seek to impeach Defendant Murphy by showing or arguing that he misrepresented the nature of his probation violation in his deposition.  Additionally,

6

and most problematically, Plaintiffs seek to impeach Murphy merely by the fact of "his serious, morally corrupt, felonious conduct and conviction."

On the one hand, the fact of Defendant's conviction is, on its own, simply not probative of anything in this case as either direct or impeachment evidence. We find that the conviction is inadmissible under Federal Rule of Evidence 609(b), which deals with the admissibility of convictions that are over ten years old. On the other hand, Defendant Murphy's later misrepresentation about the conviction is at least arguably probative of a violation of 49 C.F.R. § 391.21, and thus somewhat relevant to Plaintiffs' twelfth cause of action. We note that this particular misrepresentation is remote from any vehicular issues or issues of driving competence, and, although the regulation requires that the driver certify the truth of the contents of the application, the regulation does not require any information about non-vehicular felonies to be revealed. The misrepresentation about the conviction, as opposed to the conviction itself, could also be considered as a "specific instance of conduct," probative of Defendant Murphy's character for untruthfulness. See Fed. R. Evid. 608(b). Plaintiffs state that they seek to impeach both Murphy and employees of Combined Transport with the conviction, based on Plaintiffs' assertion that there is evidence that the employees knew about the conviction but claimed that they did not.

To the extent that the misrepresentation is probative of any relevant issues in this case at all, its probative value is substantially outweighed by the danger that the jury will

7

improperly factor the conviction for sexual assault into its consideration of the evidence in this case.  Fed. R. Evid. 403(b). Thus, we find that so long as Defendant Murphy does not deny that he lied on his job application, the parties shall be prohibited from making any reference whatsoever to the prior felony conviction at trial.

**CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that

(1) Defendant Combined Transport's motion in limine (#52) is **DENIED** without prejudice.

(2) Defendant Murphy's motion in limine (#48) is **DENIED** with respect to the accident photos of the decedents.  Defendant Murphy may renew his motion with respect to the size, quantity or relevance of the photos prior to trial.  At such a time, he shall provide the Court with copies of the photos at issue.

(3) Defendant Murphy's motion in limine (#48) is **GRANTED** with respect to Murphy's prior felony conviction.  So long as Defendant Murphy does not deny that he lied on his job application, the parties shall be prohibited from making any reference whatsoever to the prior felony conviction at trial.

(4) Defendant Murphy's motion in limine (#48) is **GRANTED** with respect to references to insurance and "golden rule" argumentation because the motion is undisputed.

(5) Defendant Murphy's motion in limine (#48) is **DENIED** as moot with respect to revised expert opinions.

(6) Defendant Murphy's motion in limine (#48) is **DENIED** without prejudice in all other respects.

DATED: This __28th__ day of December, 2006

_____
                        UNITED STATES DISTRICT JUDGE

9